[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14142

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK-SIMON LOUMA,
a.k.a. Mark Louma,
a.k.a. Babo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:21-cr-20104-JLK-1

_____

Before JILL PRYOR, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant appeals the 51-month sentence he received after he pled guilty to one count of possessing fifteen or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). On appeal, Defendant challenges the procedural and substantive reasonableness of his sentence. After careful review, we affirm.

## BACKGROUND

Defendant was indicted in February 2021 on multiple counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and two counts of possessing fifteen or more unauthorized access devices, including credit card numbers, debit card numbers, and social security numbers issued to other persons, in violation of 18 U.S.C. § 1029(a)(3). He pled guilty to one count of possessing unauthorized access devices and one count of aggravated identity theft under a plea agreement in which the Government agreed to dismiss the remaining counts of the indictment.

Based on the undisputed facts set out in the presentence report ("PSR") and in the factual proffer submitted in support of Defendant's plea, law enforcement obtained a search warrant in July

2020 for a cell phone that belonged to Defendant's co-conspirator, Geno St. Flerose.  The phone contained several messages between St. Flerose and Defendant referencing access device fraud, identity theft, and COVID unemployment fraud, as well as large quantities of personally identifiable information ("PII") from potential victims, including names, addresses, birth dates, credit card numbers, social security numbers, and phone numbers.  A separately executed search of Defendant's residence in Miami uncovered two cell phones that belonged to Defendant and that contained evidence of fraud and identity theft.  Defendant's residence also contained a notebook full of PII, a bank statement and several letters containing the names of victims, and multiple credit and debit cards in the names of other people.  Following the search of his residence, Defendant was arrested pursuant to a federal arrest warrant.  During the course of the arrest, Defendant attempted to destroy several cell phones that contained evidence of device fraud and identity theft.

The PSR assigned Defendant a base offense level of 6 per § 2B1.1(a)(2) of the sentencing guidelines, and it added 12 levels under § 2B1.1(b)(1)(G) based on a stipulated intended loss amount of between $250,000 and $550,000.  A 3-level reduction for acceptance of responsibility and assistance was then applied, resulting in a total offense level of 15.  The PSR described Defendant's lengthy criminal history, including two juvenile offenses that involved Defendant threatening two separate victims with a gun and an adult conviction in 2016 for strongarm robbery.  Defendant received

3 criminal history points based on the 2016 strongarm robbery conviction and the fact that he committed the instant offense while under probation for that conviction, placing him in a criminal history category of II and yielding a recommended guidelines range of 21 to 27 months for the device fraud count.[1]  As noted in the PSR, the sentence for the identity theft count was statutorily mandated by 18 U.S.C. § 1028A:  a term of 24 months, which must be served consecutively to any other counts.  The PSR thus set Defendant's total recommended guidelines range at 45 to 51 months.

The only objection Defendant asserted at sentencing was to point out that the PSR contained a typographical error suggesting that Defendant had 4 criminal history points when in fact, as was represented in other places in the PSR, he had 3 points.  Probation acknowledged the error and confirmed that with 3 criminal history points, Defendant's criminal history category still was II, meaning that the guidelines range calculated in the PSR was correct.  Defense counsel indicated that he could tell the error was a typo and that he simply wanted to clarify the record.  Counsel confirmed that there were no other objections to the PSR and that the defense was seeking a low-end guidelines range sentence of 45 months.  In support of its request, defense counsel cited Defendant's disadvantaged background, including being sent to foster care after his mother left him at the age of 8, growing up in a rough

---

[1]  Defendant did not receive any criminal history points for the two juvenile offenses.

neighborhood, and having his left eye shot out in a drive-by shooting. Defendant also noted that the loss amount of the crime had been calculated based on the number of access devices involved in the offense rather than the amount of money received by Defendant.

The Government, on the other hand, advocated for a high-end guidelines range sentence of 51 months. In support of its position, the Government argued that: (1) Defendant's offense was particularly egregious because it deprived victims of COVID unemployment funds that were especially needed during the pandemic, (2) at the time of his arrest, Defendant destroyed cellphones that contained evidence of his crimes, (3) the device fraud count involved a large number of access devices, and (4) Defendant's criminal history score as calculated in the PSR did not take into account two serious juvenile offenses during which Defendant had threatened two separate victims with a gun.

The district court accepted the Government's argument and sentenced Defendant to 27 months for the device fraud count, to be followed by the 24-month statutorily mandated consecutive term applicable to the identity theft offense, resulting in a total sentence of 51 months.[2] Prior to announcing the sentence, the court stated that it had carefully considered the sentencing factors of 18 U.S.C. § 3553(a), and it referred specifically to the "seriousness

---

[2] The sentence also included a supervised release term of 3 years, but Defendant does not challenge that part of his sentence on appeal.

of the offense, danger to the community, harm to the community, setting a precedent, and at the same time taking into consideration . . . mitigation of these factors"—such as Defendant's difficult upbringing and life circumstances—as well as "deterrence to other criminal conduct . . . and protecting the public." Balancing the relevant factors, the court found that a 27-month, high guidelines sentence was warranted as to the device fraud count, which the court deemed "extremely serious" because it involved an elaborate plan to inflict "incredible harm to people who [had] their credit cards and their credit destroyed, raided, their funds stolen in this pandemic time when so many people don't have jobs." At the conclusion of the sentencing hearing, defense counsel stated that there were no objections to the sentence.

Defendant appealed. In his appellate briefing, Defendant argues the district court procedurally erred by: (1) considering his two juvenile offenses, (2) relying too heavily on an estimated loss amount, and (3) failing to consider mitigating factors, including Defendant's difficult upbringing and life circumstances. According to Defendant, these errors led the court to impose a substantively unreasonable 51-month sentence, when a sentence at or below 45 months would have been "sufficient, but not greater than necessary, to comply with the purposes of sentencing."

21-14142                Opinion of the Court                7

### DISCUSSION

### I.    Standard of Review

We use a two-step process to review the reasonableness of a sentence imposed by the district court. *See United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether the sentence is procedurally sound. *See id.* Assuming it is, we then examine whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a).[3] *Id.* At both steps of the process, the party challenging the sentence bears the burden of showing it is unreasonable. *See United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

We review the substantive reasonableness of a sentence under a "deferential abuse of discretion standard." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38 (2007)). Where a defendant fails to object at sentencing, as occurred here, we review procedural reasonableness

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (3) the need for deterrence, (4) the need to protect the public, (5) the need to provide the defendant with needed education or vocational training or medical care, (6) the kinds of sentences available, (7) the sentencing guidelines range, (8) pertinent policy statements of the sentencing commission, (9) the need to avoid unwarranted sentencing disparities, and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail on plain error review, the defendant must show, with respect to his sentence: (1) an error occurred, (2) the error was "plain—that is to say, clear or obvious," and (3) the error affected his substantial rights. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (quotation marks omitted). An error is plain if "controlling precedent from the Supreme Court or [this Court] establishes that an error has occurred." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). An error affects the defendant's substantial rights only if there is a "reasonable probability that, but for the error, the outcome" of the sentencing proceeding would have been different. *Rosales-Mireles*, 138 S. Ct. at 1905 (quotation marks omitted).

## II.    Procedural Reasonableness

A sentence is procedurally unreasonable only if the district court commits a "significant procedural error" such as failing to calculate or incorrectly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Pugh*, 515 F.3d at 1190. There simply is no viable argument that any such error occurred here, much less plain error. Defendant concedes that the court correctly calculated his guidelines range, and he does not argue that it treated the guidelines as mandatory. Furthermore, the record reflects the court's careful balancing of the relevant § 3553(a) factors, including the mitigating factors offered by Defendant. Indeed, the

court expressly acknowledged Defendant's "terribly difficult time as a kid growing up" and the tragic loss of his eye, and it indicated that it had taken these facts into consideration and tried to give Defendant "every benefit . . . from that point of view." The court did not commit procedural error when it decided the seriousness of Defendant's crime and the harm it inflicted nevertheless warranted a 27-month, high guidelines sentence for the device fraud count, resulting in a 51-month total sentence.

Nor did the district court procedurally err by relying on an estimated loss amount or considering Defendant's juvenile offenses, as Defendant suggests. The court acknowledged during the sentencing that the loss amount was estimated, but it reasonably concluded based on the number of devices involved that there were a multitude of victims and that Defendant had used an "elaborate system" to commit the crime, providing support for the loss calculation. As to Defendant's juvenile offenses, this Court has held that such offenses may be considered to determine an appropriate sentence. *United States v. Williams*, 989 F.2d 1137, 1141 (11th Cir. 1993). *See also United States v. Jones*, 289 F.3d 1260, 1267 (11th Cir. 2002) ("While [the defendant's] juvenile convictions are not similar to the convictions in this case and are too remote to use in calculating [his] criminal history category, they represent serious criminal conduct, and the district court properly considered them in determining whether an upward departure was warranted and, if so, to what category."). Section 3553(a) requires the sentencing court to consider the "history and characteristics of the defendant"

during sentencing—an analysis that in cases such as this one may legitimately be informed by offenses the defendant committed while a juvenile. *See Jones*, 289 F.3d at 1267.

In short, it is clear from the record that Defendant's 51-month sentence is procedurally sound:  the district court correctly calculated the guidelines range, carefully considered the relevant § 3553(a) factors, selected a sentence based on facts that largely were agreed upon by the parties, and explained the sentence in detail at Defendant's sentencing.  As this Court has repeatedly emphasized, the "decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted).  Defendant cites no procedural error that would warrant disturbing the court's exercise of its discretion here.

## III.    Substantive Reasonableness

The substantive reasonableness of a defendant's sentence is measured based on the "totality of the . . . circumstances" considering the § 3553(a) factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010).  A sentence generally is substantively reasonable unless it "lies outside the range of reasonable sentences dictated by" those circumstances and factors. *Id.* at 1190 (citation and quotation marks omitted).  Consequently, a defendant cannot prevail on a substantive reasonableness claim just by showing that a lesser sentence would also be reasonable or may even be more reasonable to some judges. *See id.* at 1191 ("A district court's sentence

need not be the most appropriate one, it need only be a reasonable one.").

Defendant does not come close to making the showing that would be required to overturn his sentence as substantively unreasonable. We note at the outset that his 51-month sentence is within the guidelines range. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such] a sentence . . . to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotation marks omitted). The sentence is also well below the statutory maximum term of ten years available for the device fraud count under 18 U.S.C. § 1029(c)(1)(A)(i), another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Indeed, the sentence is only 6 months longer than the 45-month sentence Defendant himself requested at sentencing.

Against this backdrop, Defendant provides no factual or legal support for his position that the sentence should be overturned as substantively unreasonable. Defendant concedes that a 24-month consecutive sentence was statutorily mandated as to the identity theft count. As to the additional 27 months he received for the device fraud count, Defendant argues there was "more than sufficient argument and evidence offered during the sentencing hearing that . . . a much lower sentence . . . would comply with the purpose of the sentencing guidelines." But he does not cite the argument and evidence he is referring to, nor explain why the 27-month sentence imposed by the district court did not so comply.

On the contrary, the record reflects that the district court conducted an individualized assessment of the facts at sentencing, balanced the competing considerations—specifically weighing Defendant's difficult upbringing and life circumstances against the "incredible harm" inflicted by his "elaborate" plan to steal numerous victim identities and defraud a COVID relief program—and ultimately determined that a high-end guidelines sentence of 27 months on the device fraud count, for a total sentence of 51 months, was necessary and warranted by the specific facts of this case. We cannot say that the district court committed a clear error of judgment in its decision, or that the 51-month sentence "lies outside the range of reasonable sentences dictated by the facts of the case." *See Irey*, 612 F.3d at 1190 (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.